UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CLAYTON J. LEWIS** | **CIVIL ACTION NO. 6:12-cv-1922** |
| **LA. DOC #440262** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Clayton J. Lewis, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 16, 2012. Petitioner attacks his July 29, 2002 convictions for forcible rape and armed robbery and the 48 year sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undesigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On July 29, 2002, petitioner in accordance with a plea agreement, pled guilty to charges of armed robbery and forcible rape and was sentenced to serve concurrent sentences totaling 48 years at hard labor without benefit of parole. [Doc. 1-2, pp. 34, 36-59] He did not appeal. [Doc. 1, ¶8][1] (He did apparently litigate a post-conviction claim that was ultimately denied on

---

[1] Indeed, under Louisiana law, petitioner could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Nor does it appear that he could have appealed the sentence since it was imposed in

December 9, 2005 by the Louisiana Supreme Court. *State of Louisiana ex rel. Clayton Lewis v. State of Louisiana*, 2005-0236 (La. 12/9/2005), 916 So.2d 1047.)

On February 11, 2011 he filed a pro se Motion to Vacate and Set Aside Invalid Guilty Pleas and Sentences in the Fifteenth Judicial District Court.  Petitioner claimed that the trial judge "... used a faulty *Boykinization* of defendant by addressing a group of defendants..." and that this error was patent on the face of the record. [Doc. 1-2, pp. 3-7] On February 25, 2011 the trial judge denied relief without comment. [Doc. 1-2, p.3] Petitioner sought writs in the Third Circuit Court of Appeals [Doc. 1-2, pp. 9, 11-18], however, on April 8, 2011 the Third Circuit construed his pleading as an application for post-conviction relief and citing the two year limitations period established by La. C.Cr. P. art. 930.8, dismissed it as untimely. *[State of Louisiana v. Clayton Lewis*, No. KH 11-00465 at Doc. 1-2, p. 20]

On November 14, 2011 petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 1-2, pp. 22-30] His application was again construed as an application for post-conviction relief and denied as untimely. *State of Louisiana ex rel. Clayton Lewis v. State of Louisiana*, 2011-2564 (La. 6/22/2012), 91 So.3d 964. [Doc. 1-2, p. 32]

Petitioner filed his *habeas corpus* petition on July 16, 2012.

*Law and Analysis*

*Limitations – §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA,

---

conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.") Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[2] Nothing in the record suggests that State created impediments prevented the timely filing of this petition; nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally petitioner admits that the error complained of herein was patent error and therefore he does not claim recent discovery of the factual basis of his claim. As such, petitioner is not entitled to statutory tolling as provided by 28 U.S.C. § 2244(d)(1)(B),(C), or (D).

Petitioner was convicted and sentenced on July 29, 2002. [Doc. 1-2, pp. 36-59] He did not appeal. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], five business days following the imposition of sentence[3] or, on or about August 5, 2002.[4] Pursuant to 28 U.S.C. § 2244(d)(1) he had one year from that date, or until on or about August 5, 2003 to file his federal *habeas corpus* petition.

As noted above, the limitations period is tolled for the "... time during which a properly filed application for State post-conviction or other collateral review ... is pending..." 28 U.S.C. §2244(d)(2). Based upon the presumptively reliable published jurisprudence of the Louisiana Supreme Court, it appears that petitioner sought some form of post-conviction review which was ultimately denied by the Louisiana Supreme Court on December 9, 2005. *State of Louisiana ex rel. Clayton Lewis v. State of Louisiana*, 2005-0236 (La. 12/9/2005), 916 So.2d 1047. However, petitioner has not alleged when the collateral attack was filed and therefore it is impossible to determine at this time how long petitioner was able to toll the limitations period between August 5, 2002 and December 9, 2005.

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken." (The article was amended by Act No. 949, §1 of the 2003 Louisiana Legislature to extend the period for taking an appeal to 30 days following entry of judgment.)

[4] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday..." Petitioner was sentenced on Monday, July 29, 2002. The five day period for seeking an appeal ended Saturday, August 3, 2002. He therefore had until Monday, August 5, 2002 to file a timely motion for appeal and that date should be considered the date of finality of judgment for AEDPA purposes.

Nevertheless, it can be said with certainty that over five years elapsed un-tolled between December 9, 2005 and February 20, 2011, the date petitioner filed his Motion to Vacate. Furthermore, another period of 18 months elapsed un-tolled between the date petitioner filed his Motion to Vacate and the date he filed the instant petition. As demonstrated by the exhibits and the published jurisprudence, both the Court of Appeals and the Supreme Court construed the Motion to Vacate as an application for post-conviction relief and both courts determined that it was filed beyond the two year period of limitations provided by La. C.Cr.P. art. 930.8. In other words, the Motion to Vacate filed on February 20, 2011 was ultimately deemed untimely by the Third Circuit Court of Appeals and the Supreme Court of Louisiana. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

In short, the available evidence clearly establishes that a period well in excess of one year elapsed un-tolled between the date that petitioner's judgment of conviction became final for AEDPA purposes and the date he filed the instant petition for *habeas corpus*. The petition is therefore time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

*Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana October 12, 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE